**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TONY ROBINSON,

        Petitioner-Appellant,

v.

DAYTON J. POPPELL, Warden,

        Respondent-Appellee.

Nos. 02-6366, 02-6391

(D.C. No. CIV-01-1683-A)

(W. D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

Petitioner pro se Tony Robinson is a prisoner in the custody of the state of

Oklahoma. He received his prison sentence in 1999, after pleading guilty to two

counts of shooting with intent to kill and one count of possession of a firearm

after a felony conviction. On October 25, 2001, Petitioner filed an application for

a writ of habeas corpus under 28 U.S.C. § 2254. Following the recommendation

of a United States Magistrate Judge, the district court dismissed the petition as

untimely in an order entered October 25, 2002. Petitioner now seeks a Certificate

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of Appealability (COA), so that he may appeal the district court's decision. He also seeks leave to proceed in forma pauperis (IFP). We deny his request for a COA and his request to proceed IFP.

In his original § 2254 application, and in his briefs on appeal, Petitioner offers several arguments why his petition should not be considered time-barred. Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." This "limitations period generally runs from the date on which the state judgment became final after direct appeal, *see* 28 U.S.C. § 2244(d)(1)(A)." *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). In this case Petitioner does not seem to dispute that he failed to file his § 2254 application within one year of his judgment becoming final. He contends, however, that (1) several opinions issued by the United States Supreme Court have changed the law concerning the rights that he asserts, (2) his attorney failed to comply with his request to file an appeal in state court, and (3) he has established grounds justifying equitable tolling of the limitations period.

In reviewing whether Petitioner's § 2254 application was timely, the magistrate judge considered the allegation that certain Supreme Court opinions had created changes in the law affecting Petitioner's claims. The magistrate judge construed Petitioner's claim as an argument that the one-year limitations

period did not start to run until these opinions were issued. Under 28 U.S.C. § 2244(d)(1)(C), the limitations period may be measured from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner cited three Supreme Court cases as reflecting changes in the law applicable to his case—*Williams v. Taylor*, 529 U.S. 362 (2000), *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). The magistrate judge noted that even if *Williams* and *Roe* extended the limitations period under 28 U.S.C. § 2244(d)(1)(C), Petitioner did not file his § 2254 application within a year of the Supreme Court's rulings. The Court issued its opinion in *Roe* on February 23, 2000, and its opinion in *Williams* on April 18, 2000. Petitioner did not commence post-conviction proceedings in state court until May 16, 2001, and he did not file his federal habeas application until October 25, 2001. With respect to *Lackawanna*, 532 U.S. 394, the magistrate judge pointed out that the Supreme Court's holding concerned the circumstances under which a prisoner can use a § 2254 petition to challenge an earlier state conviction on which a sentencing enhancement was based. *Lackawanna* thus did not signify the recognition of a new right relating to either of the two substantive claims asserted in Petitioner's § 2254 application—his

claim that he had received ineffective assistance of counsel when his attorney failed to file an appeal or his claim that his conviction violated the Double Jeopardy Clause.

The magistrate judge next discussed whether Petitioner's allegation that his attorney refused to follow his instructions to file an appeal supported his contention that his petition should be considered timely. The record indicates that after the state trial court sentenced Petitioner, Petitioner filed a pro se motion to withdraw his guilty pleas. The trial court denied the motion during a hearing on November 24, 1999, at which defense counsel was present. Petitioner maintains that after the hearing, he asked his attorney to file an appeal. His attorney refused, stating that there were no grounds for an appeal.

The magistrate judge examined whether these circumstances suggested that the limitations period should be calculated as having started on the date Petitioner learned, or should have learned, that his attorney had not filed an appeal. Under 28 U.S.C. § 2244(d)(1)(D), in some cases the limitations period may begin running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Rejecting the idea that this provision applied to Petitioner's § 2254 application, however, the magistrate judge stressed that "it appears that Petitioner was aware or with reasonable diligence should have been aware on November 24, 1999, of

the factual basis for his claim"; that "Petitioner presents no argument or evidence as to when or how he may have discovered that a certiorari appeal had not been filed"; and that "Petitioner waited nearly 18 months before seeking an appeal out of time." Report and Recommendation, at 8.

Finally, the magistrate judge turned to an analysis of whether Petitioner had established grounds for equitable tolling. Such tolling is appropriate only under "rare and exceptional circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (internal quotation marks omitted). "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal citations omitted). Here, the magistrate judge found that Petitioner had failed to show exceptional circumstances supporting equitable tolling. The magistrate judge observed that Petitioner had not diligently pursued his claims. Petitioner did not initiate any state post-conviction proceedings until almost a year-and-a-half after his conviction became final, and he has not provided any explanation justifying his failure to seek federal habeas relief until the time that he did.

In adopting the magistrate judge's conclusion that Petitioner's habeas petition was untimely under 28 U.S.C. § 2244(d), the district court relied on a procedural ground to dismiss the action. The United States Supreme Court has instructed that

> "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The *Slack* court went on to note that "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We recognize that in determining whether to issue a COA, we should not undertake a "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). Rather, "[t]he COA determination under § 2253(c) requires an *overview* of the claims in the habeas petition and a general assessment of their merits." *Id.* (emphasis added).

We find that the district court's procedural ruling would not be debatable among jurists of reason. Therefore, for substantially the same reasons set forth in

the magistrate judge's Report and Recommendation of September 6, 2002, and the district court's order of October 25, 2002, we **DEN**Y Movant's request for a COA.  We also **DENY** his request to proceed IFP.

                              ENTERED FOR THE COURT

                              Harris L Hartz
                              Circuit Judge